Richard Ray Blankenship
c/o FCI Terminal Island
1299 Seaside Avenue
San Pedro, CA 90731

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., Richard Ray Blankenship, in esse One of the people of the state of Alaska, united States of America, | Incorporated Escrow Account/Case Number: A02-0054-01 CR |
| Petitioner, | MEMORANDUM OF LAW AND |
| vs. | POINTS OF AUTHORITY |
| Timothy M. Burgess, in esse d/b/a Acting UNITED STATES ATTORNEY and for the UNITED STATES DISTRICT COURT DISTRICT OF ALASKA, Representing the UNITED STATES OF AMERICA, | IN SUPPORT OF AFFIDAVIT OF NON CORPORATE STATUS |
| Ida Romack, in esse d/b/a CLERK OF THE COURT, DISTRICT OF ALASKA, | |
| Audrey J. Renschen, in esse d/b/a ASSISTANT UNITED STATES ATTORNEY, for the COURT, and all Magistrates, in esse, Participating in Equity causes of action, | |
| Respondent(s). | |

1.   Federal Rule of Civil procedure, Rule 52, "Findings of the Court; Judgment on Partial Findings," applies in Civil and Criminal actions with equal force and effect because a federal "criminal" action is always civil in nature. SEE Title 28 U.S.C., Section(s) 1331, 1332. No Civil or criminal cause of action can arise lest there be a contract. SEE ERIE RAIL CO. v. THOMPKINS, 304 U.S. 64, 58 S.Ct. 817 (1938). In all federal actions there is a presumption that a contract exists, and that the responding party is a corporate entity. SEE VAN WART v.

COOK, 55p.2D 1161. However, the presumption is rebuttable:

> "Rebuttable presumption." -- "An inference drawn from certain facts that establish a prima facia case, which may be overcome by the introduction of contrary evidence."
> Black's Law Dictionary, 8th Edition, 2004, Page 1224

Thus, a presumption by the Plaintiff that the defendant is a corporate entity becomes a finding of fact, under Rule 52, unless the defendant disabuses the plaintiff of his error via Affidavit of Non Corporate Status.

2.  Flesh and Blood people have no standing to appear in federal courts because they are not parties to the charter of the corporate "United States." SPIES v. ILLINOIS, 123 U.S. 131, 31 L Ed 80, 8 S.Ct. 22 (1887). But the United States is clearly a corporate body. SEE Title 28 U.S.C. 3002(15) defining the United States as "a Federal corporation." Only citizens of the corporate United States can appear in federal courts. The corporate United States identifies its citizens as "individuals" with the distinctive all capital letters spelling of the name. An "individual" is defined in Title 5 U.S.C., Section 552(a)(2) as a "Citizen of the United States." A "Citizen of the United States" was created by ratification of the Fourteenth Amendment in 1865:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State in which they may reside."
> Constitution of the United States
> Article XIV, Section 1

3.  Rule 52, F.R.Civ.P is common to all corresponding State Rules. Every Judge, in rendering a verdict judgment, order, etc., must give statements of fact and conclusions of law to support his or her opinion. When the complaint is lodged by the government for a fine, fee, tax, or criminal offense, only the corporate entity is named. SEE COLONIAL PIPE LINE CO. v. TRIANGLE; 421 U.S. 100 (1975), because all federal crime is commercial. SEE 27 CODE OF FEDERAL REGULATIONS (CFR), Section 72.11. When the complaint is lodged against the corporate entity, i.e., JOHN DOE, the real flesh and blood man mistakenly appears to defend against the charges he tacitly admits that he "is" the corporate entity named in the complaint.

SEE MUD CREEK DRAIN CO. v. STATE, 43 Ind. 157; JOHNSON v. GIBSON, 73 Ind. 282; EWING v. ROBSON, 15 Ind. 26; CALLENDER v. RAILROAD CO, 11 Ohio St. 516; COM. INS. Etc. CO. v TAYLOR, 8 S.C. 107.; COMPARE WARE v. ST. LOUIS BAGGING AND ROPE CO., 47 Ala. 667. The United States refers to its "citizens" as "persons." The word person in legal terminology is perceived as a general word which normally includes in its scope a variety of entities other than human beings. SEE e.g., 1 U.S.C., Section 1, et seq., CHURCH OF SCIENTOLOGY v. U.S. DEPT OF JUSTICE, 612 F.2d 417, 425 (1979).

4.   The corporate United States cannot appear in an Article III court as the plaintiff. It can only appear as the plaintiff in an inferior court created by legislature, where the defendant is a "citizen of the United States" and "subject to the jurisdiction thereof." Art. XIV, Section 1. A long line of Supreme Court precedent points up the distinction between the federal action under Article III, and a federal action under Article I, or Article II. SEE, CAPRON v. VAN NOORDEN, 2 Cranch 126, L.Ed 229; ARIZONANS FOR OFFICIAL ENGLISH v. ARIZONA, 520 U.S. 43, 73 L.Ed 2d 170, 117 S. Ct. 1055; BELL v. HOOD, 327 U.S. 678, 682, 90 L.Ed 2d 939, 66 S. Ct. 773; LUJAN v. DEFENDERS OF WILDLIFE, 504 U.S. 555, 560, 119 L.Ed 2d 351, 112 S. Ct. 2130; MUSKRAT v. UNITED STATES, 219 U.S. 346, 362, 55 L.Ed 246, 31 S. ct. 250 (1911); HAYBURN'S CASE, 2 Dall 409, 1 L Ed 436 (1792); and many more. The United States Attorney has no standing to represent the United States of America as a Plaintiff in an Article III court. The Plaintiff in an Article III court must establish "standing to sue" by evidence that he or she has suffered an "injury in fact" (not hypothetical or conjectural); that the injury in fact was caused by the defendant, and that the remedy sought by the plaintiff will "redress" the injury. SEE, STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, 140 L.Ed 2d 240, 118 S. Ct. 1003 (1998). The corporate United States is a piece of paper (corporate charter) which is incapable of "injury in fact." Moreover, the United States Attorney is not authorized to sue in an Article III court. He can only "prosecute offenses against the United States." SEE, Title 28 U.S.C., Section 547. He must only bring action by the United States under a stature enacted by Congress alleging "hypothetical injury" to society, STEEL CO., supra. However, a complaint that alleges some

vague injury to society brought by the United States as a surrogate victim was disavowed by the Supreme Court in FRIENDS OF THE EARTH v. LAIDLAW ENV. S., 528 U.S. 167, 145 L.Ed 2d 610, 120 S. Ct. 693 (2000). Only an injured party may bring an action in an Article III court, but the United States cannot be an injured "in fact." The United States can therefore only bring an action for "hypothetical injury" against an ens legis creature, in a court not created under Article III.

5.   The United States has a right to presume all persons residing within the territorial boundaries of the 50 states, within a territory of the United States, or within the confines of a military enclave to be a "United States citizen" prosecutable in an inferior court, for a statutory offense, unless the defendant declares his status to the contrary via an Affidavit of Non Corporate Status. "Indeed, no more than (an affidavit) is necessary to make the prima facia case." UNITED STATES v. KIS, 658 F.2d 526, 536 (7th Cir 1981), cert. denied, 50 USLW 2169, S.Ct. March 22, 1982. Unless the United States responds to the defendant's Affidavits by counter affidavit, point by point, the court must dismiss the complaint for want of jurisdiction of the subject matter.

RESPECTFULLY SUBMITTED THIS 31st day of July, 2006.

*Richard Ray Blankenship*
Richard Ray Blankenship, in esse